## JONES v. BARRY'S EX'RS.

(Circuit Court, D. Connecticut. January 6, 1908.)

### No. 577.

1. GUARANTY—DISCHARGE OF GUARANTOR—ALTERATION OF CONTRACT.

Pending performance of a contract for the construction of a schooner, the dimensions were changed by increasing the depth of the hold six inches in the shallowest place, and by increasing the price $300. *Held*, that such changes in the contract were material, and, having been made without the consent of the contractor's guarantor, he was discharged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 64.]

**2. SAME—ADVANCE PAYMENT.**

Where plaintiff made an advance payment on the purchase price of a schooner without the consent of the contractor's guarantor to enable the contractor to procure additional help to hasten the work, so that there was not enough of the last installment of the price retained to finish the vessel, the guarantor was discharged.

James D. Dewell, Jr., for plaintiff.
Brandegee, Noyes & Brennan, for defendants.

PLATT, District Judge. This is an action at law to recover upon a guaranty executed by Carlos Barry, the defendants' decedent. The defenses are that the money was not expended in completing the vessel according to the contract, and that the contract was altered by the parties after being made and guaranteed, and that the last payment was not according to the contract, and without the knowledge of Barry that it was so made. It was tried by stipulation to the court without a jury, and I therefore make the following findings of fact and conclusions of law:

### Findings of Fact.

(1) The plaintiff at the time of the matters hereinafter mentioned was and now is a resident and citizen of the state of New York. Carlos Barry, named as defendant, was at said times and at the commencement of this action a resident and citizen of the state of Connecticut, but died since the commencement of this action, and his executors have entered to defend.

(2) On December 7, 1903, one M. B. McDonald entered into a contract in writing with the plaintiff for the construction of a four-masted schooner, a copy of which contract is annexed to the complaint and marked "Exhibit A."

(3) On December 23, 1903, the said Carlos Barry executed an agreement of guaranty, a copy of which is annexed to the complaint marked, "Exhibit B."

(4) After the execution of said contract ("Exhibit A"), the said McDonald commenced the construction and building of the said schooner, and continued to furnish labor and materials therefor until on or about January 9, 1905, when certain attachments were placed upon said schooner in certain actions brought against said McDonald, and thereafter the said McDonald performed no work and furnished no material for the construction of said schooner.

(5) On February 3, 1905, the said McDonald was adjudicated a bankrupt in the United States District Court for the District of Connecticut, and on February 23, 1905, Amos R. Chapman was appointed and duly qualified as the trustee of his estate, and said trustee, although requested, refused to complete said schooner; the same being then uncompleted.

(6) Said Barry had notice of the said attachments, of said adjudication in bankruptcy, and of the fact that the said trustee refused to complete said schooner.

(7) The plaintiff upon the trial presented testimony which satisfied me that he had expended a considerable amount of money in com-

pleting the schooner, over and above the contract price; but, in view of my findings under the defenses pleaded, it is unnecessary to fix the exact amount. The vessel had been painted according to contract and the dry dock, and repainting charge ($321.82), caused by the long delay, ought to be deducted. The Sutton spar item, for value of one-sixty-fourth of vessel, was not cash paid on the spar account, and the amount $689.96 was taken out of McDonald's contract price by the plaintiff. He cannot charge it over again and hold the guarantor therefor. These two items must be deducted from the claimed amount, $1,669.34, leaving $657.56 as the maximum possible claim.

(8) After the execution of said contract ("Exhibit A"), the plaintiff and said McDonald changed said contract by changing the dimensions of said schooner, to wit: by increasing the depth of the hold in the shallowest place from 13 feet to 13 feet 6 inches, and by increasing the price $300.

(9) On or about December 5, 1904, the plaintiff, without the knowledge of the said Barry, paid to said McDonald the sum of $1,784.34 on account of the final payment of $6,000. At the time of this payment the said vessel was not completed, and she had not been delivered to the plaintiff. The plaintiff made such payment, so that said McDonald might procure additional men to hurry up the work on said schooner.

(10) About a month after such payment, the plaintiff's attorney met said Barry and told him that some payment had been made on account of the last installment, but he did not state the amount, nor did he know the amount at that time. Said Barry replied by asking the attorney whether enough had been retained to finish the vessel, and the attorney expressed the opinion that, if the spar had been paid for, sufficient had been retained for that purpose. The spar had not been paid for at that time.

### Conclusions of Law.

1. Said contract was materially changed by the alteration of the specifications and price.

2. Said Barry, as guarantor, was discharged by the change in the specifications of the contract.

3. Said contract was materially changed by the advance payment of the last installment of the contract price.

4. Said Barry was discharged by the advance payment of a part of the last installment of the contract price.

5. Said Barry never waived his discharge arising from the alterations in the contract.

6. Judgment should be rendered for the defendants.